**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:11CV-155-R**

**THOMAS RIDGEWAY**                                                 **PLAINTIFF**

**v.**

**MARSHALL COUNTY PROSECUTORS** *et al.*                     **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff filed the instant action by filing a two-page, handwritten document which states:

> I am filing to your court federal charges accusing unlawful
> business and judiciary practices by the courts to obtain convictions
> in my cases at this time.  The court named below reques
> investigation - contact proper authorities.  Request judicial
> investigation.  This is a formal criminal complaint.

Plaintiff seeks to file criminal charges against the Marshall County prosecutors, the Marshall County judiciary, and the Social Security Administration for alleged misconduct, fraud, and perjury in connection with a criminal case against him and another case.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998),

*overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.

This Court does not have the power to direct that criminal charges be filed or to direct a criminal investigation of anyone.  *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).  "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).  Because the Court cannot bring criminal charges against any individual, the Court lacks subject-matter jurisdiction over this action, and it will be dismissed under Fed. R. Civ. P. 12(h)(3).

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
4413.010